**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Walter M. McKnight
_____

    v.                                                   05-cv-161-SM

Commissioner, New Hampshire
Department of Corrections, et al.[1]
_____

**O R D E R**

*Pro se* petitioner Walter M. McKnight has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court confinement on the basis that he is being held beyond his maximum release date (document no. 1). The petition is before me for preliminary review. See Rule 4 of the Rules Governing Section 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid and may be served); United States District Court for the District of New Hampshire Local Rules 4.3(d)(authorizing the magistrate judge to

---

[1] As petitioner is in custody at the Northern New Hampshire Correctional Facility ("NCF"), I construe the respondent to be the Warden of the NCF. See Habeas Rule 2 (where petitioner is in custody pursuant to a state court judgment, the state officer having custody of the petitioner shall be named as respondent).

preliminarily review *pro se* pleadings).  For the reasons stated below, I order McKnight to amend the petition to demonstrate exhaustion of state remedies.

## Background

Convicted of three counts of aggravated felonious sexual assault and two counts of felonious sexual assault, McKnight was sentenced to a term of imprisonment by the New Hampshire Superior Court (Hillsborough County) on June 1, 1994.  At the time of sentencing, he believed his original sentence to be a term of not more than 10 years and not less than 5 years.  He is currently incarcerated at the NCF.

McKnight did not file a direct appeal of his conviction. Upon discovering that consecutive sentences of 5-10 years and 3½-7 years were imposed, he filed a petition for a writ of habeas corpus with the New Hampshire Superior Court (Hillsborough) in which he alleged that he was being held beyond his maximum release date.  His petition was denied on April 20, 2004. Subsequently, McKnight filed an appeal with the New Hampshire Supreme Court in which he alleged the following grounds for relief: (1) imposing consecutive terms of incarceration when his

original sentence ran concurrently[2]; (2) increasing his punishment after sentencing in violation of New Hampshire state law and the *Ex Post Facto Clause* of the United States Constitution; and (3) a general due process claim.  His appeal was denied on August 26, 2004.

He now brings the instant petition for a writ of habeas corpus, claiming that he is being held beyond his maximum release date.  He further alleges that his right to due process was violated because he was sentenced to consecutive terms without notice and, therefore, denied an opportunity to timely appeal the consecutive sentences to the sentence review panel.

### Standard of Review

In reviewing a *pro se* petition, this court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions,

---

[2]It is unclear whether McKnight raised a federal constitutional claim.

must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Discussion

I.  Custody and Exhaustion

To be eligible for habeas relief, a petitioner must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254 (a) & (b).  McKnight satisfies the custody requirement, as he is currently incarcerated at the NCF, but fails to satisfy the exhaustion requirement.

"Barring certain exceptional circumstances not present here, a habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court." Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002).  The exhaustion requirement, codified at 28 U.S.C. §§ 2254 (b) & (c), embodies principles of federal-state comity and is designed to provide state courts with an initial opportunity to pass upon and correct alleged violations of a prisoner's

federal rights.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must . . . [invoke] one complete round of the State's established appellate review process."); accord Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-76 (1971).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (holding that a state prisoner does not "fairly present" a federal claim to a state court if that court must read beyond a petition, brief or similar document that does not alert it to the presence of a federal claim).  Thus, if McKnight has failed to adequately present his federal constitutional claims to the New Hampshire Supreme Court, he is precluded from seeking relief in federal court.

II. Habeas Corpus Claims

Construed liberally, the instant petition alleges two

grounds for habeas corpus relief. Ground One of the petition alleges that McKnight is being held beyond his maximum release date. On June 1, 1994, he allegedly was sentenced to a term of imprisonment of not more than 10 years and not less than 5 years. Attached to his petition is a letter from Cindy Crompton, Administrator of Offender Records for the New Hampshire Department of Corrections, stating that he would be released on March 18, 2004. Ground Two of the petition alleges that McKnight's right to due process was violated because he was sentenced to consecutive terms of imprisonment without notice and, therefore, denied an opportunity to timely appeal the consecutive sentences to the sentence review panel.

While McKnight asserts that the above claims were presented to and reviewed by the state courts, he has not provided any supporting documentation demonstrating that each claim and the federal nature of each claim was actually presented to the New Hampshire Supreme Court. Accordingly, I conclude that his claims are unexhausted for purposes of federal habeas review.

To demonstrate exhaustion, he must provide the court with copies of any motions, petitions, notices of appeal, briefs, orders and/or final judgments issued by the state courts addressing each claim presented in his federal petition. <u>See</u>

Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  McKnight may have to return to the state courts to fully present any unexhausted claims and the federal nature of those claims before he can make the required amendment to his federal petition.

III. Stay

The Supreme Court has recently decided that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics.  See Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court).  See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies). Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the

timeliness of a collateral attack.  Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").

At this stage of preliminary review, I cannot conclusively determine that dismissal of the petition will not imperil the timeliness of any claims that may have been exhausted.  While McKnight has not at this time made a specific showing of good cause for his failure to exhaust the federal nature of his claims, construed liberally the petition demonstrates that he made a substantial effort to exhaust his claims in state court and, as a *pro se* litigant, may not have realized the necessity of raising federal grounds for each claim presented. See Rhines, 2005 WL 711587 at *7 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner." (internal citation omitted)); see also id. (Souter, J., concurring) (*pro se* habeas petitioners do not come well trained to address tricky exhaustion determinations).  In addition, he may have raised the federal nature of his claims in

state court pleadings that have not yet been presented to this Court.

Nor can I conclude at this time that McKnight's claims, if true, could not present meritorious challenges to his conviction and/or sentence.  Furthermore, there is nothing before this Court indicating that he "engaged in intentionally dilatory litigation tactics" either in pursuing his claims in state court or federal court.  Rhines, 2005 WL 711587 at *6.  Under these circumstances, the proper course of action is to stay the federal petition should McKnight decide to exhaust his claims in state court.

### Conclusion

For the reasons stated above, McKnight is ordered to amend his petition within thirty (30) days of the date of this Order to demonstrate exhaustion of state court remedies.  If he notifies this Court that he intends to return to state court and present his unexhausted claims, the amended petition will then be held in abeyance pending his complete exhaustion of state remedies.

Failure to comply with this order may result in my recommendation to the presiding judge that the petition be dismissed without prejudice for failure to demonstrate exhaustion

of the claims presented.

**SO ORDERED.**

```
                                 _____
                                 James R. Muirhead
                                 United States Magistrate Judge
```

Date:     June 6, 2005
cc:       Walter M. McKnight, *pro se*


of the claims presented.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     June 6, 2005
cc:       Walter M. McKnight, *pro se*