UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Walter M. McKnight</u>

    v.                                                    Civil No. 05-cv-161-SM

<u>Commissioner, New Hampshire</u>
<u>Department of Corrections, et al.</u>[1]

**O R D E R**

*Pro se* petitioner Walter M. McKnight has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and appendix thereto, challenging the constitutionality of his state court confinement on the basis that he is being held beyond his maximum release date (document nos. 1 and 5).  The petition is before me for preliminary review.  <u>See</u> Rule 4 of the Rules Governing Section 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid and may be served); United States District Court for the District of New Hampshire Local Rules 4.3(d)(authorizing the

---

[1] As petitioner is in custody at the Northern New Hampshire Correctional Facility ("NCF"), I construe the respondent to be the Warden of the NCF.  <u>See</u> Habeas Rule 2 (where petitioner is in custody pursuant to a state court judgment, the state officer having custody of the petitioner shall be named as respondent).

magistrate judge to preliminarily review *pro se* pleadings).  For the reasons stated below, I order the petition served on the respondent.

## Background

Convicted of three counts of aggravated felonious sexual assault and two counts of felonious sexual assault, McKnight was sentenced to a term of imprisonment by the New Hampshire Superior Court (Hillsborough County) on June 1, 1994.  He is currently incarcerated at the NCF.  At the time of sentencing, he believed his original sentence to be a term of not more than 10 years and not less than 5 years.  McKnight did not file a direct appeal of his conviction.

On the day of McKnight's scheduled release, March 18, 2004, a forged mittimus allegedly was faxed to the prison and changed his sentence from concurrent to consecutive, thereby extending his sentence and preventing his release.  Upon discovering that his sentences of 5-10 years and 3½ -7 years were imposed consecutively rather than concurrently, he filed a petition for a writ of habeas corpus with the New Hampshire Superior Court (Hillsborough) in which he alleged that he was being held beyond his maximum release date.  His petition was denied on April 20,

2004.  On May 3, 2004, he filed a motion for reconsideration in which he alleged, among other things, that he was: (1) incarcerated beyond his maximum release date; (2) subjected to consecutive terms of incarceration when his original sentence ran concurrently in violation of his right to due process; and (3) subjected to an increase in punishment after sentencing in violation of New Hampshire state law and the *Ex Post Facto* Clause of the United States Constitution.[2]  The record is silent as to the disposition of his motion.

On June 15, 2004, McKnight filed an appeal with the New Hampshire Supreme Court in which he alleged the following grounds for relief: (1) the trial court imposed consecutive terms of incarceration when his original sentence ran concurrently, in violation of State v. Burgess, 141 N.H. 51, 677 A.2d 142 (1996)(holding that due process requires a sentencing court to make clear at time of sentencing what punishment it is exacting and the extent to which the court retains discretion to impose punishment at a later date and under what conditions the sentence

---

[2] In his motion for reconsideration, McKnight alleges that he was sentenced to two terms of not more than 10 years nor less than 5 years concurrent with each other followed by two 3½–7 year sentences concurrent with each other, all suspended, to be served on or after or consecutive to the two 5–10 year sentences.

may be modified) and <u>State v. Huot</u>, 136 N.H. 96, 612 A.2d 362 (1992)(holding that imposing consecutive sentences without providing explicit notice at time of original sentencing violated due process); (2) the trial court increased his punishment after sentencing in violation of New Hampshire state law and the *Ex Post Facto* Clause of the United States Constitution; and (3) his due process rights were violated when a forged mittimus was faxed to the prison on the day of his scheduled release.[3]  Construed liberally, the appeal further alleged that McKnight was being held beyond his scheduled release date of March 18, 2004.  His appeal was denied on August 26, 2004.

He now brings the instant petition for a writ of habeas corpus, claiming that he is being held beyond his maximum release date.  He further alleges that his right to due process was violated when he was sentenced to consecutive terms without notice and, therefore, denied an opportunity to timely appeal the consecutive sentences to the sentence review panel.

---

[3] In the notice of appeal, he alleged that he was sentenced to two 5-10 year sentences concurrent with each other, with two 3½-7 year sentences concurrent with each other suspended to run consecutive to the 5-10 year sentences and 72 days pretrial confinement credit.

**Standard of Review**

In reviewing a *pro se* petition, this court must construe the pleadings liberally, see <u>Ayala Serrano v. Gonzalez</u>, 909 F.2d 8, 15 (1st Cir. 1990)(following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, <u>see</u> <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. <u>See</u> <u>Eveland v. Director of CIA</u>, 843 F.2d 46, 49 (1st Cir. 1988).

**Discussion**

I.  <u>Custody and Exhaustion</u>

To be eligible for habeas relief, a petitioner must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process). <u>See</u> 28 U.S.C. § 2254 (a) & (b). McKnight satisfies the custody requirement as he is currently incarcerated at the NCF and, for the reasons discussed below, satisfies the exhaustion requirement.

"Barring certain exceptional circumstances not present here,

a habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court." Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002). The exhaustion requirement, codified at 28 U.S.C. §§ 2254 (b) & (c), embodies principles of federal-state comity and is designed to provide state courts with an initial opportunity to pass upon and correct alleged violations of a prisoner's federal rights. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must . . . [invoke] one complete round of the State's established appellate review process."); accord Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-76 (1971).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (holding that a state prisoner does not "fairly present" a

federal claim to a state court if that court must read beyond a petition, brief or similar document that does not alert it to the presence of a federal claim).  Thus, if McKnight has failed to adequately present his federal constitutional claims to the New Hampshire Supreme Court, he is precluded from seeking relief in federal court.

II.  Habeas Corpus Claims

The instant petition alleges two grounds for habeas corpus relief.  Construed liberally, Ground One alleges that McKnight is being held beyond his maximum release date in violation of his Fourteenth Amendment right to due process.  On June 1, 1994, he allegedly was sentenced to a term of imprisonment of not more than 10 years and not less than 5 years.  By letter of March 12, 2004, Cindy Crompton, Administrator of Offender Records for the New Hampshire Department of Corrections, informed him that he would be released on March 18, 2004.  On the day of McKnight's scheduled release, a forged mittimus allegedly was faxed to the prison and changed his sentence from concurrent to consecutive, thereby extending his sentence and preventing his release.  Thus, McKnight appears to allege that his due process rights were violated when he was required to serve consecutive state sentences that improperly extended his maximum release date.

"{W]hen a prisoner is still under confinement the due process clause itself does not convey a liberty interest in the conditions or degree of confinement as long as these are 'within the sentenced imposed' and are 'not otherwise violative of due process.'" Lanier v. Fair, 876 F.2d 243, 246 (1st Cir. 1989) (citing Hewitt v. Helms, 459 U.S. 460, 468 (1983)).  "A final state court order setting a release date based on a state statute creates such a liberty interest in that release date."  McGann v. Cunningham, 315 F. Supp. 2d 150, 155 (D.N.H. 2004).  Where a petitioner possesses a state-created liberty interest entitled to due process protection, the state may not take away that right without affording him due process.  Id. (citing Dominique v. Weld, 73 F.3d 1156, 1158 (1st Cir. 1996) and Sandin v. Conner, 515 U.S. 472, 484 (1995) (state action restraining an individual's liberty in excess of a sentence gives rise to due process protection).

   To the extent McKnight possesses a state-created liberty interest in his scheduled release date, which is not clear from the record, his allegations may give rise to a Fourteenth Amendment due process claim.  Without commenting on the merits of his claims, I conclude that he has alleged a cognizable claim for purposes of surviving preliminary review.

Ground Two of the petition alleges that McKnight's right to due process was violated when he was sentenced to consecutive terms of imprisonment without notice and, therefore, denied an opportunity to timely appeal the consecutive sentences to the sentence review panel.

Errors in sentencing under state law generally are not cognizable on federal habeas corpus review. See 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 41 (1984). Only when the sentence is arbitrary and capricious does the misapplication of state law violate due process. See Richmond v. Lewis, 506 U.S. 40, 50 (1992).

Construed liberally, Ground Two alleges that McKnight was denied meaningful review of his sentence in violation of the Due Process Clause of the Fourteenth Amendment and that the New Hampshire courts extinguished his appellate rights without a knowing waiver, see U.S. ex rel. Jackson v. Bowen, No. 03 C 3150, 2005 WL 1139314 at *7 (N.D. Ill. May 10, 2005). To the extent he alleges that he was denied due process in the imposition of his sentence, or there were constitutional flaws in the state's sentencing procedures, and that he is being improperly held beyond his maximum release date as a result of such violations, see McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991), I

9

conclude that he has alleged a cognizable claim for purposes of preliminary review.  However, to the extent his claim is based solely on state sentencing law, his claim is not cognizable.  See Pulley, 465 U.S. at 41 (a federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law).

In the appendix to the habeas corpus petition, McKnight has provided copies of his motion for reconsideration to the superior court and his appeal to the New Hampshire Supreme Court, demonstrating that each claim and the federal nature of each claim was presented to the state courts for review.  Accordingly, I conclude that his claims are exhausted for purposes of federal habeas review.

## Conclusion

For the reasons stated above, I order the petition served on the respondent.

Accordingly, the petition shall be served upon the Warden of the NCF, who shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition).  Service shall be completed by mailing to the New Hampshire Office of the Attorney General, which is the prison's attorney, by certified mail, return receipt requested, copies of this order and the habeas

corpus petition and supporting documents (document nos. 1 and 5) Respondent shall answer or otherwise plead within thirty (30) days of the date of this order.  The answer shall comply with the requirements of Section 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the court will determine whether a hearing is warranted.  <u>See</u> Section 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 21, 2005

cc:   Walter M. McKnight, *pro se*