UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Walter M. McKnight,
 Plaintiff

 v.             Civil No.  05-cv-161-SM
                Opinion No. 2006 DNH 081
Commissioner, New Hampshire
Department of Corrections, and
Warden, Northern N.H. Correctional
Facility,
 Defendants

**O R D E R**

  Walter McKnight, an inmate at the Northern New Hampshire Correctional Facility, brings this petition seeking habeas corpus relief.  See 28 U.S.C. § 2254.  In short, he claims to have fully served concurrent sentences of 5 to 10 years in prison and says prison officials are unlawfully refusing to release him from their custody.  Defendants, on the other hand, assert that McKnight is still serving time on his second term of imprisonment, which is consecutive to, not concurrent with, the sentence he has already served.

  In support of his petition, McKnight seems to advance two claims.  First, he says defendants have wrongfully detained him beyond his maximum release date, in violation of his constitutionally protected liberty interests.  Next, he claims

that if his release date has not yet arrived, his right to due process was violated when the state trial court sentenced him to consecutive terms of imprisonment without adequately explaining that fact to him.  Defendants move for summary judgment, saying there are no genuinely disputed material facts and, as a matter of law, McKnight's claims fail.  McKnight has not filed an objection.

## Standard of Review

I.   Summary Judgment.

When ruling on a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor."  Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).  Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence."  Int'l Ass'n of Machinists & Aerospace Workers v. Winship Green Nursing Ctr., 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

Here, because McKnight failed to object to defendants' motion for summary judgment, the court will take as admitted the factual statements recited in defendants' motion, as supported by the attached exhibits. See Local Rule 7.2(b)(2) ("All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party."). See also McCrory v. Spigel, 260 F.3d 27, 31 (1st Cir. 2001) ("Although we view the evidence in the light most favorable to the nonmovant, as to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party.") (citations and internal quotation marks omitted).

II.  Habeas Corpus.

Since passage of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), the power to grant federal habeas relief to a state prisoner with respect to claims adjudicated on the merits in state court has been substantially limited.  A federal court may not disturb a state conviction unless the state court's resolution of the issues before it "resulted in a decision that was contrary to, or

3

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). See also Williams v. Taylor, 529 U.S. 362 (2000). Alternatively, habeas relief may be granted if the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Here, McKnight challenges his continuing incarceration on grounds that the state habeas court erroneously concluded that: (1) the trial court sentenced him to serve two consecutive, rather than concurrent, terms of imprisonment of 5 to 10 years; and (2) he was fully and fairly notified of those sentences and, therefore, was not deprived of his right to due process. So, to prevail on either claim, McKnight must demonstrate that the state habeas court's rejection of his petition was based on an unreasonable determination of the relevant facts, based on the record then before it. See 28 U.S.C. § 2254(d)(2). Moreover, because the federal habeas corpus statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," 28 U.S.C. § 2254(e), McKnight bears the

burden of "rebutting the presumption of correctness by clear and convincing evidence," id.[1]

## Background

In March of 1994, McKnight was convicted of three counts of aggravated felonious sexual assault (state court docket numbers 93-S-1091, 1092, and 1094), as well as two counts of felonious sexual assault.  In June of that year, the trial court sentenced McKnight as follows:

1. Case number 93-S-1091: not more than 10 years, nor less than 5 years, stand committed, with pretrial confinement credit of 72 days;

2. Case number 93-S-1094: not more than 10 years, nor less than 5 years, consecutive to the sentence imposed in case no. 93-S-1091

---

[1] Arguably, McKnight's second claim – that he was denied due process – is based on his assertion that the state habeas court resolved the issue in a manner that was contrary to, or involved an unreasonable application of, federal law.  But, McKnight did not clearly articulate that claim until he filed his motion for reconsideration (which the court denied without comment).  Accordingly, the state habeas court never specifically addressed the due process claim.  But, in denying McKnight's motion to reconsider, the court necessarily concluded that McKnight was not denied due process because: (1) the trial court's sentencing sheets and forms revealed that the court had plainly sentenced McKnight to two consecutive, rather than concurrent, terms of imprisonment; and (2) McKnight failed to point to any evidence that might suggest the trial court neglected to fully apprise him of the consecutive nature of the sentences – both of which are findings of fact.

>      (i.e., commencing upon McKnight's having
>      served the sentence imposed in case no. 93-S-
>      1091); and
>
> 3.   Case number 93-S-1092: not more than 7 years,
>      nor less than 3½ years, suspended,
>      consecutive to 93-S-1094 and concurrent with
>      the sentences imposed in cases 93-S-1527 and
>      1528 (presumably, the two convictions for
>      felonious sexual assault).

Exhibit 3 to defendants' memorandum (document no. 11-5). Each of the sentencing forms was completed and signed by the trial judge, with handwritten notations describing details such as the length of the sentence, McKnight's pretrial confinement credit, whether the sentence was consecutive to or concurrent with another, and, as to the concurrent sentence imposed in case number 93-S-1094, the conditions under which the court would consider suspending a portion of that sentence. Those handwritten notes convey that the sentencing judge was fully aware of the sentences he was imposing on McKnight and intended the two 5 to 10 year terms of incarceration to be consecutive. McKnight did not appeal his convictions or his sentences to the New Hampshire Supreme Court.

The mittimus sent by the clerk of the state trial court to the prison appears to have combined the sentences for cases 93-S-1091 and 1094 (both of which are referenced at the top of the document) and says simply that the "defendant is sentenced to the

6

New Hampshire State prison for not more than 10 years, nor less than 5 years." Exhibit 3 to defendants' memorandum (document no. 11-3). That document is the obvious source of McKnight's professed confusion (as well as the initial confusion at the prison).[2]

In March of 2004, erroneously believing the McKnight had served his 10-year maximum sentence, the administrator of offender records at the New Hampshire State Prison issued a memorandum informing the relevant parties that McKnight would be released from confinement on March 18, 2004. Upon learning that the prison intended to release McKnight, the trial court sent official copies of McKnight's sentencing documents to the prison. Those documents demonstrated that McKnight had not yet served his full sentence and, in fact, had an additional sentence of 5 to 10 years to serve before he would be eligible for release (i.e., he

---

[2] The mittimus is an order of the sentencing court, directing the sheriff (or other law enforcement officer) to take custody of the defendant and deliver him to the prison to serve the sentence imposed upon him. See N.H. Rev. Stat. Ann. ch. 622:9. See also Riley v. Whittiker, 49 N.H. 145, 148 (1869) (noting that the mittimus commands "the sheriff to convey the respondent safely to the jail, . . . and deliver him to the keeper thereof, and the said keeper . . . to receive the said respondent into his custody in said jail and him there safely keep.")

had yet to begin serving the consecutive sentence of 5 to 10 years imposed in case number 93-S-1094).

Shortly thereafter, McKnight filed a petition for writ of habeas corpus in state court, alleging that he was being wrongfully held beyond his maximum release date.  At a hearing on April 20, 2004, the state habeas court observed that the certified sentencing documents made it clear that the trial court had imposed two consecutive sentences of 5 to 10 years in prison.  McKnight told the court that he was not aware that he had been sentenced to consecutive terms of imprisonment and believed, based upon the mittimus contained in the prison's records, that he had already served his full sentence.  He did not, however, present any evidence supporting his claim that, when the trial court orally imposed his sentence, it ordered him detained under concurrent terms of incarceration.  Absent such evidence, the state habeas court informed McKnight that the trial court's sentencing documents, not the mittimus, controlled the term of his confinement.

In its written order, the state habeas court ruled that McKnight had been sentenced to "2 consecutive terms of 5-10 years" and, therefore, the "March 12, 2004, record of the Dept.

8

of Corrections appear[ed] to be in error." Exhibit 4 to defendants' memorandum (document no. 11-6). McKnight filed a motion to reconsider, which the court denied. He then appealed to the New Hampshire Supreme Court, which declined the appeal without comment. Subsequently, pursuant to 28 U.S.C. § 2254, McKnight filed a petition seeking habeas corpus relief from this court.

**Discussion**

I.  McKnight's Petition Must be Resolved Based
    Upon the State Habeas Court's Record.

McKnight has not requested, nor does it appear that he would be entitled to, an evidentiary hearing aimed at supplementing the state habeas court's record. Section 2254(e)(2) of Title 28 provides that a state habeas petitioner is entitled to an evidentiary hearing on his or her claims only when one or more of the following conditions is met: (1) the claims are based upon a new rule of constitutional law, made retroactive to cases on collateral review; (2) the claims are based upon a factual matter that could not have been previously discovered through the exercise of reasonable diligence; or (3) the petitioner has a legitimate claim of actual innocence (that is, one provable by clear and convincing evidence). Because none of those factors

appears to be present in this case (and, of course, because McKnight has not requested a hearing), the court must resolve McKnight's petition based solely on the record presented to the state habeas court.

II. <u>McKnight was Sentenced to Consecutive, not Concurrent, Terms of imprisonment</u>.

The state habeas court supportably determined, as a factual matter, that McKnight was sentenced to consecutive, rather than concurrent, terms of imprisonment.  The trial court's certified sentencing documents persuasively demonstrated that the 5 to 10 year sentence imposed in case number 93-S-1094 was consecutive to the 5 to 10 year sentence imposed in case number 03-S-1091. Those documents were apparently properly filed in the court's records and McKnight was provided with copies either at or shortly after his sentencing, which copies would have fully apprised him of the consecutive nature of the two sentences of 5 to 10 years.  He does not claim otherwise.

To be sure, the mittimus prepared by the clerk of court and delivered to the state prison was somewhat ambiguous (by virtue of its silence on the issue) and might be construed by one unfamiliar with the case as suggesting that the sentences in

those two cases were imposed concurrently.  Cf. State v. Rau, 129 N.H. 126, 130 (1987) ("[W]hen a <u>sentencing order</u>, encompassing multiple counts or multiple indictments, is silent as to whether the sentences imposed on each count or indictment are to run concurrently or consecutively, the presumption is that the sentences run concurrently.") (emphasis supplied).  Importantly, however, the trial court's sentencing orders, not the mittimus, control the term and conditions of McKnight's sentences.  As Justice Cardozo observed more than seventy years ago:

> The <u>only sentence known to the law</u> is the <u>sentence or judgment entered upon the records of the court</u>.  If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth.  But the judgment imports verity when collaterally assailed.  <u>Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption</u>.  In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge.
>
> * * *
>
> A warrant of commitment [i.e., mittimus] departing in matter of substance from the judgment back of it is void. . . .  The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence.

Hill v. Wampler, 298 U.S. 460, 464-65 (1936) (citations and internal punctuation omitted) (emphasis supplied).

The evidence before the state habeas court was plain: while the mittimus delivered to the state prison differed in expression from the judgment and was ambiguous, the trial court's sentencing documents were unambiguous. The trial court sentenced McKnight to serve <u>consecutive</u> terms of imprisonment of 5 to 10 years. McKnight has not pointed to any evidence which might even hint that the state habeas court based its decision "on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As to the first claim in McKnight's petition, then, the State is entitled to judgment as a matter of law.

III. <u>McKnight was not Denied Due Process</u>.

McKnight says he believes that when the court orally pronounced his sentence, it ordered him to serve no more than a total of ten years in prison – a recollection he says is consistent with the mittimus contained in the prison's records. Accordingly, to the extent the trial court's documents disclose that his sentence was more severe than the one he claims the court orally announced, he says he was denied due process.[3]

---

[3] McKnight also suggests, without support, that the trial court's certified sentencing documents were forged some time after the prison notified the court that he was about to be released. By falsifying those documents, says McKnight, the

In other words, McKnight asserts that, because the court's oral pronouncement of sentence (allegedly) failed to properly apprise him of all the essential elements of that sentence (i.e., the consecutive nature of two terms of imprisonment), he was not provided with a clear, unambiguous statement of his sentence, as required by the Constitution.  See, e.g., Perkins v. Peyton, 369 F.2d 590, 592 (4th Cir. 1966) (holding that a state inmate has a right "not to be detained under a judgment which is so vague and uncertain as to be invalid under the familiar principles of due process").  See also State v. Burgess, 141 N.H. 51, 52 (1996) ("Due process requires a sentencing court to make clear <u>at the time of sentencing</u> in plain and certain terms what punishment it is extracting.") (citations and internal punctuation omitted) (emphasis in original).

There is no evidence in the record that supports McKnight's claim that the trial court failed to inform him that his two 5 to 10 year sentences were consecutive.  At the hearing on his state habeas petition, McKnight simply stated (it is unclear whether he

---

trial court violated his constitutionally protected right to due process, as well as his right not to be subjected to ex post facto laws.  He has not, however, submitted any evidence to support that claim.

was under oath) that he believed he had served his full term after he completed ten years in prison.

>    Court:     "It looks pretty clear to me.  There are two
>               consecutive sentences."
>
>    McKnight:  "Your Honor, I wasn't aware of all that.  I
>               just maxed a five to ten sentence out and
>               they signed my papers on March 12th of this
>               year."
>
>    Court:     "Well, the documents which control your
>               confinement are the court documents and not
>               the Department of Corrections documents.
>               Unless there's some error or something in the
>               court documents, I find it difficult to
>               believe.  They are certified copies of the
>               court documents.  It appears as though you
>               were sentenced to two consecutive five to ten
>               year sentences.  So unless there is something
>               else you can tell me, there's no relief I can
>               grant you on this petition."

Transcript of Habeas Hearing (document no. 9) at 2.  McKnight did not respond with any evidence to support his claims.

Parenthetically, the court notes that because McKnight did not appeal either his convictions or his sentences, a transcript of his sentencing hearing was never prepared.  And, in January of 2005 – more than nine months after McKnight filed his state habeas corpus petition – the audio tapes of that sentencing hearing were destroyed in the ordinary course of the court's business.  See N.H. Super. Ct. Admin. R. 3-9(b) and 3-16

14

(providing that stenographic notes and audio tapes of criminal proceedings may be destroyed ten years following the date on which they were prepared).  But, this court cannot assume, based simply upon the unavailability of the audio tapes from McKnight's sentencing hearing, that the trial court failed to advise him that the sentences imposed were consecutive to one another.  Cf. Parke v. Raley, 506 U.S. 20, 30 (1992) ("On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights.") (punctuation in original); United States v. Miller, 20 F.3d 926, 932 (8th Cir. 1994) ("When the relevant record is missing or nonexistent, as is the case here, the presumption is that the actions of a court of competent jurisdiction are correct.").  To prevail on his claim, McKnight must carry a substantial burden of proof: he must demonstrate, by clear and convincing evidence, that the state habeas court based its disposition of his petition on an unreasonable determination of the facts in light of the evidence before it.  Given the record developed before the state habeas court, McKnight cannot meet that burden.

Under the circumstances of this case, the trial court's official sentencing records and judgment control and, as the state habeas court concluded, they establish that the trial court did (and intended to) sentence McKnight to consecutive, rather than concurrent, terms of imprisonment. Nothing in the record suggests that the trial court failed to fully apprise McKnight of the consecutive nature of those sentences, nor has McKnight claimed that there is any evidence to support his conclusory assertion to the contrary. There being no genuinely disputed material facts, defendants are, then, entitled to judgment as a matter of law as to McKnight's second claim.

## Conclusion

To the extent McKnight actually believes the sentencing court erred in transcribing the official sentencing documents and mistakenly made his terms consecutive, rather than concurrent, his remedy lies with the trial court. That is, McKnight should file a motion in that court seeking to correct the alleged clerical mistake. He cannot challenge the accuracy of those documents on collateral review. See, e.g., Hill v. Wampler, 298 U.S. at 464 (holding that if the sentence entered upon the records of the court is believed to be inaccurate, that defect must be addressed with the sentencing court or on direct appeal;

it cannot be attacked in a subsequent collateral proceeding). See also Sterling v. Pate, 403 F.2d 425, 427 (7th Cir. 1968) ("It is apparent that the District Court applied an incorrect legal standard when it accepted testimony of the petitioner, coupled with the recital in the mittimus, to impeach the verity of the certified common law record of the criminal proceeding.  It has been consistently held in habeas corpus proceedings that the record of the trial court in the underlying criminal proceeding is not open to collateral attack, but that such record imports absolute verity and may not be so impeached.").

For the foregoing reasons, as well as those set forth in defendants' memorandum, defendants are entitled to judgment as a matter of law as to both claims raised in McKnight's petition for habeas corpus relief.  Accordingly, their motion for summary judgment (document no. 11) is granted.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

July 11, 2006

cc:  Walter M. McKnight, pro se
     Susan P. McGinnis, Esq.